**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 25 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VENTJE CORNELIS SINGKOH; GLORIA MAENGKOM, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 09-71184 <br><br> Agency Nos. A097-887-314 <br> A098-450-949 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 10, 2013
San Francisco, California

Before: HAWKINS, N.R. SMITH, and NGUYEN, Circuit Judges.

Ventje Cornelis Singkoh ("Singkoh") seeks review of the Board of Immigration

Appeals' ("BIA") order affirming an Immigration Judge's ("IJ") denial of his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

application for asylum,[1] withholding of removal and protection under the Convention Against Torture ("CAT"). Because the BIA conducted a de novo review of the record, making its own findings based on its independent review, our review is limited to the BIA's decision. *Singh v. Ashcroft*, 351 F.3d 435, 438 (9th Cir. 2003).

Although, as the BIA noted, Singkoh's asylum filing was well beyond the presumptive six-month deadline after falling out of legal status, *see Al Ramahi v. Holder*, 725 F.3d 1133, 1135 (9th Cir. 2013), we have held this factor is not by itself determinative, *id.* at 1138; *see also Wakkary v. Holder*, 558 F.3d 1049, 1057-58 (9th Cir. 2009). Here, the BIA failed to address the individualized factual circumstances Singkoh proffered to explain the delay, *see Al Ramahi*, 725 F.3d at 1138, noting only that Singkoh was "familiar with the immigration laws of this country and was even aware of individuals in his church applying for asylum." However, Singkoh did not argue he was *unaware* of the general availability of asylum, but that he did not seek

---

[1] We must determine whether we have jurisdiction to consider Singkoh's petition for review with respect to his asylum claim. We have held that we "may review the BIA's application of the changed or extraordinary circumstances exception when the historical facts are undisputed." *Al Ramahi v. Holder*, 725 F.3d 1133, 1138 (9th Cir. 2013) (citing *Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007)). Here, there is no factual dispute as to when Singkoh fell out of legal status or when he actually filed for asylum, leaving for our consideration only whether the BIA adequately addressed his proffered explanations for the time between these events, as discussed below. *Cf. Sumolang v. Holder*, 723 F.3d 1080, 1082 (9th Cir. 2013) (finding no jurisdiction where BIA's ruling rested on IJ's resolution of an underlying factual dispute).

2

that form of relief earlier because he was relying on the church's efforts to get his status adjusted. Once he realized those various attempts had ultimately and finally failed, Singkoh contends he moved reasonably to seek a new attorney and file for asylum within two months after he retained his last attorney. We express no opinion on the reasonableness of this delay, but remand for the BIA to specifically address Singkoh's proffered justifications for his delay in filing for asylum. *Cf. Wakkary*, 558 F.3d at 1058-59.

With respect to Singkoh's claim for withholding of removal, the evidence does not compel the conclusion that the events experienced by Singkoh in Indonesia rise to the level of past persecution. *See id.* at 1059-60; *Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009). However, a decision of our court filed after the BIA's decision in this case held that all Christians in Indonesia (and not just those of Chinese descent) should be treated as a disfavored group, and thus may impact the BIA's ruling regarding Singkoh's reasonable fear of future persecution. *See Tampubolon v. Holder*, 610 F.3d 1056, 1060-62 (9th Cir. 2010); *see also Wakkary*, 558 F.3d at 1064 ("The more evidence of group targeting an . . . applicant proffers, the less evidence of individually specific evidence he needs."). We remand so that the BIA may also address the impact of this decision on Singkoh's claim of well-founded fear of future persecution in the first instance.

3

The evidence does not compel the conclusion Singkoh would be tortured if returned to Indonesia, and we therefore deny Singkoh's petition with respect to his CAT claim. *See Wakkary*, 558 F.3d at 1068 ("[T]he record contains no evidence whatsoever that Wakkary is likely to be *tortured*, rather than persecuted, by government officials or with their acquiescence on return to Indonesia.").

**REMANDED IN PART and DENIED IN PART.** The parties shall bear their own costs on appeal.